UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/2/11_

**ORIGINAL**

---------------------------------------------------------------

UNITED STATES OF AMERICA,

                  Plaintiff,

     -against-

ALBERT CASTIGLIA AND LYDIA CASTIGLIA,

                  Defendants.

       :    09 Civ. 8351 (VM)
       :
       :    STIPULATION AND ORDER OF
       :    SETTLEMENT AND DISMISSAL

-----------------------------------------------------------------x

WHEREAS, on October 1, 2009, the United States of America (the "Government" or "United States") filed a complaint (the "Complaint") against defendants alleging claims under the False Claims Act, 31 U.S.C. §§ 3729–3733, and the Small Business Administration Act, 15 U.S.C. §§ 633–636, as well as claims for common law fraud, payment under mistake of fact, unjust enrichment and conversion.

WHEREAS, on December 15, 2009, defendants answered the Complaint and asserted a counterclaim.

WHEREAS, on January 29, 2010, the Government answered defendants' counterclaim.

WHEREAS, on September 21, 2010, defendants and the United States (the "parties") appeared before Magistrate Judge Kevin Fox for a settlement conference and reached an agreement in principle to resolve this matter.

NOW, THEREFORE, the parties, to avoid the delay, expense, uncertainty, and inconvenience of protracted litigation, and in consideration of the promises, obligations, undertakings and commitments hereinafter set forth, hereby agree as follows:

1.      The claims asserted by the Government in the Complaint and the counterclaim asserted by defendants in this action are hereby dismissed with prejudice.

2.      In full compromise and satisfaction of the allegations against defendants set forth in the Complaint, defendants shall pay to the United States the sum of ninety thousand dollars ($90,000) (the "Settlement Amount").

3.      In order to ensure payment of the Settlement Amount, beginning on the date of entry of this Stipulation and Order, defendant Lydia Castiglia shall maintain whole life insurance naming the United States of America as beneficiary with first priority in the amount of $90,000 (the "Life Insurance Security"). A copy of the whole life insurance policy is annexed hereto as Exhibit A. Defendants shall make all payments due on such policy, shall comply with all terms and conditions of the policy, and shall keep the policy in force with the United States as beneficiary entitled to first priority until the Settlement Amount is paid in full. Adjustment of the principal amount of the Life Insurance Security required to be maintained may be made on each anniversary date of this Stipulation of Settlement. On each such anniversary, the principal amount may be reduced to the then remaining balance due of the Settlement Amount, reflecting all payments made on account of the Settlement through that date. Once the United States has received full payment of the Settlement Amount, the United States shall have no further interest in the Life Insurance Security or any proceeds therefrom and shall promptly take all steps necessary to eliminate its security interest in said policy. In the event defendant Lydia Castiglia dies prior to full payment of the Settlement Amount, the United States shall be entitled to receive the proceeds from the Life Insurance Security to satisfy the remaining unpaid balance of the Settlement Amount. Any additional life insurance proceeds in excess thereof shall be retained by or paid to defendant Lydia Castiglia's estate or to the

-2-

party or parties designated under the beneficiary designation in the insurance policy (other than the United States).

4.      In the event defendants fail as required under Paragraph 3 to keep the Life Insurance Security in force with the United States as beneficiary entitled to first priority until the Settlement Amount is paid in full, then the United States shall receive judgment against defendants in the amount of $270,000. The United States may obtain such judgment by application to the district court demonstrating that the Life Insurance Security was not maintained in force with the United States as beneficiary entitled to first priority.

5.      In consideration of the obligations of defendants set forth in this Stipulation and Order, the United States (on behalf of itself, its officers, agents, agencies and departments) agrees to release defendants from any civil or administrative monetary claim the United States has asserted, could have asserted, or may assert in the future against defendants for the conduct alleged in the Complaint.

6.      Defendants agree to release the United States, its agencies, departments, officers, employees, servants and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated), which defendants have asserted, could have asserted, or may assert in the future against the United States or its agencies, departments, officers, employees, servants, and agents related to the matters alleged in the Complaint, the United States' investigation and prosecution thereof, defendants' counterclaim, and this Stipulation and Order.

7.      Notwithstanding any term of this Stipulation, including the release provided in Paragraph 5, any and all of the following are specifically reserved and excluded from the scope and terms of this Stipulation as to any entity or person:

-3-

     a.     Any civil, criminal or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code);

     b.     Any criminal liability; and

     c.     Any claims based upon such obligations as are created by this Stipulation.

7.     Each party to this Stipulation will bear its or his/her own legal and other costs incurred in connection with this matter, including costs incurred in connection with the preparation and performance of this Stipulation.

8.     This Stipulation is governed by the laws of the United States. The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this Stipulation as it relates to this action will be the United States District Court for the Southern District of New York. This Court shall retain jurisdiction over this Stipulation and each party to the extent the obligations herein remain unsatisfied by that party.

9.     This Stipulation constitutes the complete agreement between the parties. This Stipulation may not be amended except by written consent of the United States and defendants.

Dated: New York, New York
~~October   , 2010~~
March 1, 2011

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States of America

By:    JEFFREY OESTERICHER
Assistant U.S. Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2698
Fax. No.: (212) 637-2730
jeffrey.oestericher@usdoj.gov

-4-

Dated: New York, New York
~~October~~ , ~~2010~~
March, 2011

By: _Albert Castiglia_

ALBERT CASTIGLIA
Defendant
707 Old Route 28
Fleischmanns, New York 12430
Tel. No.: (201) 723-2700

Dated: New York, New York
October ___, 2010
March, 2011

By: _Lydia Castiglia_

LYDIA CASTIGLIA
Defendant
707 Old Route 28
Fleischmanns, New York 12430
Tel. No.: (201) 723-2700

SO ORDERED: 2 March 2011

VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

-5-